## In re GUY R. COGGSHALL.

**Kansas City Court of Appeals, June 8, 1903.**

1. **Contempt:** VIOLATION OF INJUNCTION: NOTICE: STATUTE. To render a person amenable for violating an injunction, it is neither necessary that he should have been a party to the suit in which the injunction was issued, nor have been served with a copy thereof so long as he appears to have had actual notice, and the application of this rule is not affected by section 3643, Revised Statutes 1899.

2. ————: COMMITMENT: STATUTE. A commitment for contempt in violating an injunction is found to fully meet the requirements of statutes relating to such matters, since the matters therein set forth in point of law amount to contempt.

### Original Proceeding by Habeas Corpus.

WRIT DENIED.

*Noyes, Heath & Walls* for Guy R. Coggshall.

(1) Let us examine the subject of contempt, the several kinds and classes, the punishment, what constitutes contempt, and when a party will be punished for the same, and the kind of punishment, and we think after such examination the conclusion will be that Coggshall is not guilty of contempt. Section 3645, R. S. 1899. Section 1619, R. S. Mo. 1899. There are four kinds of contempt: 1st. Direct contempt. 2d. Indirect contempt. 3d. Criminal contempt. 4th. Civil contempt. (2) Whatever the law may have been in this State, in the past, it is now settled that where a party is imprisoned for contempt, the question whether his acts constituted contempt can be inquired into on habeas corpus, and if the prisoner's acts were not contempt or the trial court exceeded its jurisdiction, the prisoner will be discharged. Section 3578, R. S. 1899; Ex parte Arnold, 128 Mo. 256; l. c. 259; The State ex rel. Hoffman v.

Scarrett, 128 Mo. 331, l. c. 338; Ex parte Craig, 130 Mo. 590.   (3)   A person not a party to a suit, nor the servant of such party, and having no interest in the same, and not served with process can not be punished for violation of a restraining order or injunction.   Chapter 38, R. S. 1899; Barthe v. Lariquie, 42 La. Ann. 131; Boyd v. State, 19 Neb. 128; Watson v. Fuller, 9 How. Prac. 425.   (4)   The commitment is not sufficient.   Sections 1619, 3578, R. S. 1899.

*F. E. Burrough, R. E. Morrison* for respondent.

(1)   The order run against defendants, "Their servants or employees or *anyone* for *them or in their name.*"   Coggshall had notice of the order as per his testimony, and the court found he willfully violated the order for *the benefit of himself and Grigsby.*   This point, we think, is well settled in the case of Ex parte Lennon, 166 U. S. 548.   (2)   Section 1619, Revised Statutes 1899, states that "The particular circumstances of his offense shall be set forth, in the order." That has been done in the case at bar.   We have examined all the Missouri cases, particularly 38 Mo. 390, 16 Mo. App. 41, 6 Mo. App. 474, 37 Mo. App. 76, and in none of them do we find that the commitment has got to go further than to set out the particular fact that constitutes the contempt, and the commitment does not, as contended by the petitioner, have to be a transcript of all the record proceedings in the case.   (3)   In the case at bar, the record shows that every step required has been carefully complied with and that the punishment is the statutory punishment provided for in section 1617, Revised Statutes 1899.   Secs. 3576, 3579, 3583, R. S. 1899.

SMITH, P. J.—Application for a discharge from imprisonment under the writ of *habeas corpus.*   The case may be stated in about this way, to-wit:   That one Leo Rice filed a petition in the circuit court against A.

W. Grigsby, *et uxor*, the object of which was to enjoin and restrain them, the defendants, their servants or employees, or any one for them, or in their name and behalf, from interfering with plaintiff, his employees, or assigns, in any way whatever, in taking care of certain stock, consisting of horses and cows; from feeding and from taking feed upon the premises wherewith to feed them; from attempting to redispose of their interests in the lease or leased premises; and from doing anything to injure the dairy business, etc. Upon this petition a temporary restraining order was made by the judge of one of the divisions of said court in substantial conformity to the prayer thereof. The defendants were served with the injunction process.

It appears that Coggshall, the petitioner herein, and the defendant had rented of one Burge a certain enclosed pasture, which they used in common for the pasturage of their milch cows. It further appears that they each resided in different houses situate in the pasture, and conducted thereat separate dairy establishments. It still further appears that the defendants had mortgaged their property to said Lee Rice, the plaintiff, and had made default in the payment of the mortgage debt, in consequence of which the plaintiff took possession of the property with the formers' consent; but that notwithstanding this, the defendants afterwards undertook to exercise dominion over the same and to ignore and disregard the plaintiff's rights therein; and to restrain such behavior, the restraining order already referred to was awarded against them.

The petitioner was not a party to said injunction proceeding, nor was he in any sense an agent or employee of the defendants. A few hours after the restraining order had been served on the defendants they met the petitioner and informed him of the issue of the injunction, and immediately after this the petitioner turned the cows claimed by the plaintiff out into the highway. This fact being brought to the attention of

the court over which the judge issuing the injunction presided, a notice was issued by it to the petitioner to appear at a certain time and place, and then and there, show cause, if any he had, why he should not be punished for contempt in violating the said injunction process. The petitioner appeared and at the hearing the facts established were about as we have stated.

It was then further disclosed that the petitioner had some understanding with Burge to the effect that if the defendants discontinued the common use of the pasture with the petitioner, that he should have the exclusive use of it. The petitioner, it seems, testified that as the defendant was no longer the owner of the cows, but that the plaintiff was, that he did not think the latter had any right to the pasture and so turned his cows out. The court found the petitioner guilty of violating the injunction and ordered him to pay a fine of fifty dollars; and in default of the payment thereof, that he be attached by his body and confined in the county jail for a period of ten days as a punishment for said contempt, and that the sheriff take his body in custody, etc. The writ was directed to the sheriff who has made return thereto.

One of the questions raised by the return and reply is whether or not, since the petitioner was not a party to said injunction suit, nor served with process therein he was rightfully adjudged guilty of contempt for a violation of the injunction. In re Lennon, 166 U. S. l. c. 554, was where the petitioner was not a party to the bill which was brought to enforce compliance with the inter-state commerce act, and to compel railway companies to comply with said act in certain particulars, and to enjoin them from refusing to receive from the complainant certain cars for transportation, etc., to which the petitioner was not a party, nor served with process of subpoena, nor had notice of the application made by the complainant for the injunction, nor was he served by the officers of the court with such injunction. The

court held that these facts were immaterial, so long as it was made to appear that he had notice of the issue of the injunction. To render a person amenable to an injunction it is neither necessary that he should have been a party to the suit in which the injunction was issued, nor have been actually served with a copy of it, so long as he appears to have had actual notice: citing, High on Injunc., sec. 1444; Mead v. Norris, 21 Wis. 312; Wellsey v. Mornington, 11 Beav. 181. No reason can be seen why this rule has no application to the facts of this case. If the petitioner had not admitted in his testimony that he had actual notice of the injunction before his interference with the plaintiff's property, I think it may be fairly inferred from the other facts to which he testified. It seems to me that as the case is one where the petitioner failed to purge himself of the contempt charged, that for the purpose of vindicating its power and maintaining its dignity the court could not do less than impose the punishment specified in its order.

It is true, section 3643, Revised Statutes, provides that, "if any person disobey or violate an injunction after it is served on him," etc.; but actual notice of the injunction in cases of this kind is all the service required. The statute is not to the contrary.

The petitioner further insists that the commitment is void under section 1619, Revised Statutes, which requires that whenever any person shall be convicted for any contempt, as specified in chapter 14, Revised Statutes, the particular circumstances of his offense shall be set forth in the order or warrant of commitment. Section 1616 of that chapter provides that every court of record shall have power to punish as for criminal contempt any person guilty of willful disobedience of any process or order lawfully issued or made by it. The order of commitment here fully meets the said statutory requirement. It shows, too, that the proceeding which resulted in the order accorded with the established practice in such cases. Ex parte Mason, 16 Mo.

App. 41; Ex parte Millett, 37 Mo. App. 76. It is obvious the matters set out in the order of commitment "in point of law amount to contempt" as required by section 3579, Revised Statutes. The jurisdiction to make the order of commitment can not be questioned, and as the punishment imposed was within the statutory limit I am unable to discover any ground upon which he is entitled to a discharge under section 3578, Revised Statutes.

After consultation with my associates I have reached the conclusion that it is my duty to deny the petition for the discharge and to remand the petitioner to the custody of the sheriff (section 3576, Revised Statutes), and which is so ordered.